**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANTHONY M. RANDOLPH,
      Plaintiff,

      v.                            Case No. 3:24-CV-243 (OAW)

MARCUCCI,
      Defendant.

**INITIAL REVIEW ORDER**

Self-represented Plaintiff Anthony M. Randolph, a sentenced inmate, has filed a complaint naming one defendant, state judicial marshal Sergeant Marcucci. Plaintiff alleges that Sergeant Marcucci violated his Eighth Amendment rights. Specifically, Plaintiff asserts claims for "excessive use of force, neglect to prevent, conspiracy to interfere with civil rights, and retaliation." ECF No. 1 at 2. He seeks damages only.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court thoroughly has reviewed all factual allegations in the complaint and has conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows.

I.    **FACTUAL BACKGROUND**

While the court does not set forth all of the facts alleged in Plaintiff's complaint, it summarizes certain relevant allegations here to provide context for its ruling, below.

On July 7, 2022, Plaintiff, who was released on bond, appeared for a court date at G.A. 23 and was served with a violation of probation warrant.  ECF. No. 1 at 3.  Defendant and other marshals assaulted Plaintiff so severely that he was taken to the hospital to be treated.  *Id.*  The following day, Plaintiff was arraigned on the violation of probation charge and bail was set at $150,000.00.  *Id.*  On August 17, 2022, Plaintiff was charged with assaulting Defendant.  *Id.* at 4.

On October 31, 2022, Plaintiff was assigned a new attorney and was denied services from the Public Defender's Office at G.A. 23.  *Id.*  Plaintiff was told there was a conflict of interest between Defendant and Plaintiff's previous attorney, in that Defendant allegedly had been heard telling counsel not to have the case transferred to a different venue "so that he could have his friends at G.A. 23 make the plaintiff's life miserable."  *Id.*

Plaintiff's new attorney, Kimberly Coleman, agreed to permit Plaintiff to view all discovery and said she would have the case transferred to a different venue.  *Id.* at 5.  However, Plaintiff overheard her speaking to Defendant about "railroading her client for him."  *Id.*

On November 28, 2022, Plaintiff saw Attorney Coleman telling another inmate about his case at a time where she appeared to be intoxicated.  *Id.*  Plaintiff complained

to the court that his attorney was ineffective. *Id.* at 5-6. Judge Iannotti[1] agreed that there was a conflict between the parties in the case and suggested a change of venue, at which time assigned counsel became upset and sought to withdraw her appearance. *Id*. at 6. On January 12, 2023, Judge Iannotti denied the motion to withdraw and scheduled a violation of probation hearing for the following week. *Id*.

Several judicial marshals grabbed Plaintiff in a hostile manner while he was speaking to the court and handcuffed him from behind. *Id.* at 7. Defendant became involved, yelling profanities, carrying Plaintiff, and hitting Plaintiff's head against the wall, causing injuries to the right side of his face. *Id*. Plaintiff was thrown into the holding cell while handcuffed and was unable to block his collision with the wall. *Id*. Plaintiff hit the back of his head, causing pain and swelling. *Id*. He requested, but was denied, medical attention. *Id*.

Upon his return to the correctional facility, Plaintiff contacted the Connecticut State Police and wrote a letter of complaint to the State Marshal Commission. *Id*. at 7-8. On January 19, 2023, Plaintiff was expected to attend the probation hearing. *Id*. at 8. Plaintiff told medical and mental health staff that he feared for his safety if he returned to G.A. 23. *Id*.

After he was sentenced, Defendant laughed at Plaintiff and commented on his sentence. *Id*. at 9. Plaintiff alleges fear of future assaults on every court date. *Id*.

---

[1] Plaintiff uses the spelling "Ianotti," but the state's Judicial Branch website (available at: https://www.jud.ct.gov/judsearch/) (last visited April 26, 2024) indicates that the proper spelling is "Iannotti," which spelling this court shall use.

3

## II.   DISCUSSION

Plaintiff asserts claims for excessive use of force, neglect to prevent, conspiracy to interfere with civil rights, and retaliation in violation of his rights under the Eighth Amendment.  Although Plaintiff is now a sentenced inmate, the incidents underlying this action occurred while Plaintiff was a pretrial detainee.

Information from the Department of Correction website shows that Plaintiff was sentenced on January 19, 2023, to a term of imprisonment of six years for his probation violation.[2]  *See* Offender Information Search, available at: www.ctinmateinfo.state.ct.us/ (Inmate Number 304309) (last visited Apr. 26, 2024).  As for the underlying sentence that placed Plaintiff on that term of probation, the State of Connecticut Judicial Branch website shows that, on November 20, 2020, Plaintiff was sentenced to ten years in prison, execution suspended after four years, followed by three years of probation.  *See* Criminal / Motor Vehicle Case Look-up, available at https://www.jud.ct.gov/crim.htm (Docket Number N23N-CR18-0187652-S) (last visited Apr. 26, 2024).  As Plaintiff alleges that he was served with his violation of probation warrant while out on bond for another matter, the court considers Plaintiff to have been a pretrial detainee at the time of the incidents underlying this action and will consider his claims under the Fourteenth, rather than the Eighth Amendment.  *See Reinoso-Delacruz v. Ruggerio*, No. 3:19-cv-149 (SRU), 2019 WL 2062434, at *2-3 (D. Conn. May 9, 2019) (noting that "[t]his Circuit has not fully

---

[2] The Court may take judicial notice of matters of public record.  *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

addressed whether a probationer awaiting disposition of his revocation proceeding is considered a prisoner or a pretrial detainee for purposes of the Eighth Amendment" and determining that the plaintiff, who had not yet had a probation revocation hearing, should be considered a pretrial detainee whose claims are analyzed under the Fourteenth Amendment); *see also Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (finding that pretrial deliberate indifference claims must be brought under Fourteenth Amendment).

### A. Excessive Force

"A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether through the use of excessive force, by deliberate indifference to conditions of confinement, or otherwise."  *Id*. at 35.  To state a deliberate indifference claim, Plaintiff first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness."  *Id*. at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)).   "[T]he conditions themselves must be evaluated in light of contemporary standards of decency."   *Id*. (citation and internal quotation marks omitted).  This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id*. (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)).  Plaintiff also must show that "the defendant-official acted intentionally to impose the alleged condition" or that he "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."  *Id*. at 35.

The first part of the deliberate indifference test is the same for claims under the Eighth and Fourteenth Amendments. *Id.* (applying new objective standard for second part of the deliberate indifference test for pretrial detainees but not changing standard for first part of test). A condition is objectively serious if it "pose[s] an unreasonable risk of serious damage to [a prisoner's] future health." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Thus, the first component "relates to the seriousness of the injury." *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).

Plaintiff alleges that Defendant assaulted him without cause on July 7, 2022, and participated in a second assault on January 12, 2023. For purposes of initial review, Plaintiff has alleged a plausible claim for use of excessive force or deliberate indifference to safety.

### B. **Neglect to Prevent**

Plaintiff describes his second claim as neglect to prevent. He contends that the court's refusal of a change of venue despite awareness of the conflict of interest between the parties shows that the court, i.e., Judge Iannotti, "neglected to prevent future issues." ECF No. 1 at 10. Judge Iannotti is neither named as a defendant in this case nor so mentioned in the body of the complaint. However, even had he been so named, the court would have had to dismiss such a claim.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt,* 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of

damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (citation omitted).  "The law affords judges absolute immunity from personal liability for acts 'committed within their judicial jurisdiction,' however erroneous the act and regardless of motivation."  *Tapp v. Champagne*, 164 F. App'x 106, 107-08 (2d Cir. 2006) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

There are two exceptions to this judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11–12.  Plaintiff's claims, however, do not satisfy either exception as the decisions of which Plaintiff complains were made in Judge Iannotti's judicial capacity.  The claim for "neglect to prevent" is dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### C. Prosecutorial Misconduct

Although Plaintiff names only one defendant in this case, within the body of the complaint, he refers to the prosecutor, Sarah Jones, as Defendant #2, and appears to contend that she improperly permitted the violation of probation hearing to continue while Plaintiff was confined to a holding cell, and that she kept the case in G.A. 23 courthouse.

Absolute immunity "attaches to prosecutorial functions that are intimately associated with initiating or presenting the State's case." *Flagler v. Trainor*, 663 F.3d 543, 546-47 (2d Cir. 2011); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 422-28 (1976).  Thus, prosecutors are protected from suit under section 1983 by absolute prosecutorial immunity in all matters associated with

their prosecutorial functions, regardless of motivation.  *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).

Even if Plaintiff had properly named the prosecutor as a defendant in this case, the claims against her are barred by absolute prosecutorial immunity.

### D.  Conspiracy

Plaintiff asserts a claim for conspiracy to interfere with civil rights.  "To prove a conspiracy to violate civil rights under 42 U.S.C. § 1983, a plaintiff must show: '(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'"  *Pal v. Canepari*, No. 3:20cv13 (MPS), 2023 WL 2712371, at *22 (D. Conn. Mar. 30, 2023) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).  Plaintiff must allege facts showing "'that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'"  *Forte v. City of New York*, No. 16-CV-560 (VSB), 2023 WL 6259652, at *10 (S.D.N.Y. Sept. 26, 2023) (quoting *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003)).  A claim of conspiracy cannot be grounded on conclusory or vague allegations.  *Id.*  Plaintiff also must identify the constitutional right violated.  *See id*. ("where a plaintiff fails to plead a constitutional violation, a conspiracy claim based on the unsubstantiated constitutional violation must fail as well" (citing cases)).

Plaintiff alleges that Defendant spoke to his attorney about "railroading" him and alleges that Defendant "manipulated the courts to over charge and abuse the process against the plaintiff due to connections with prosecutors and judge friends."  ECF. No. 1

at 5, 9.  Plaintiff alleges that he was convicted of violation of probation but alleges no facts suggesting that this conviction was a constitutional violation.  Thus, he has not identified any constitutional right that was violated by the alleged conspiracy.  The conspiracy claim is dismissed without prejudice.

### E.  Retaliation

Finally, Plaintiff asserts a claim for retaliation which arises under the First Amendment.   To state a cognizable retaliation claim, Plaintiff must allege facts establishing three elements: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (citation and quotation marks omitted).   Plaintiff's allegations must be non-conclusory.  *See Friedl v. City of New York*, 210 F.3d 79, 86 (2d Cir. 2000) (noting that a retaliation claim "must be supported by specific and detailed factual allegations, not stated in wholly conclusory terms"); *Hendricks v. Mallozzi*, No. 9:20-CV-1035 (MAD/ML), 2022 WL 1129887, at *4 (N.D.N.Y. Jan.14, 2022) ("To state a *prima facie* claim pursuant to 42 U.S.C. § 1983 for retaliatory conduct, a plaintiff must advance non-conclusory allegations establishing" the three elements of a retaliation claim.) (citations omitted), *report and recommendation adopted*, 2022 WL 856885 (N.D.N.Y. Mar. 23, 2022).

Filing a lawsuit is a protected activity.  *See Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (filing a lawsuit or grievance is constitutionally protected activity and will support a retaliation claim).  Plaintiff alleges that he filed complaints about Defendant's

conduct with the Connecticut State Police and the State Marshal Commission. The court considers these allegations sufficient to plausibly allege the first element.

Regarding the second element, adverse action, the adverse action must be serious enough to deter a similarly situated person of ordinary firmness from exercising his right to speech. *Burns*, 890 F.3d at 93-94. Plaintiff alleges that he filed his complaints following his return to prison after the second alleged assault. After he filed the complaints, the only allegation against Defendant is a comment regarding his sentence. *See* ECF. No. 1 at 9 ("The defendant laughed at the plaintiff after being sentenced asking the plaintiff 'How much time do you have? Six years? Ha, ha.'"). Although Plaintiff alleges that he fears returning to G.A. 23, he has not alleged any actions by Defendant that would deter a similarly situated person from exercising his right to speech. As Plaintiff fails to allege facts to satisfy the second element, his retaliation claim is dismissed without prejudice.

## **ORDERS**

The claims for neglect to protect and prosecutorial misconduct are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2). The claims for conspiracy and retaliation are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The case will proceed against Defendant in his individual capacity on the claim for use of excessive force.

Plaintiff has two options as to how to proceed in response to this initial review order:

(1) If Plaintiff wishes to proceed immediately on the excessive force claim against Defendant, and only on this claim, he may do so without further delay.  If Plaintiff selects this option, he shall file a notice on the docket within thirty days from the date of this order informing the court that he elects to proceed with service as to the claims against Defendant.  The court will then enter a scheduling order and, effect service of process on Defendant.

(2)  Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed without prejudice (*i.e.,* the conspiracy and retaliation claims), he may attempt to state a viable claim by filing an amended complaint within thirty days from the date of this order.  An amended complaint, if filed, will completely replace the complaint, and the court will not consider any allegations made in the original complaint in evaluating any amended complaint.  If Plaintiff files an amended complaint, he must comply with the pleading rules and correct the deficiencies in pleading identified in this order. The court will review any amended complaint upon its being filed, to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the complaint addressed by this initial review order will not proceed to service of process on any defendant.

If the court receives no response from Plaintiff within thirty days from the date of this order, the court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this initial review order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

11

If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff also should notify Defendants or counsel for Defendants of his new address.

**IT IS SO ORDERED** at Hartford, Connecticut, this 29th day of April, 2024.


_____/s/_____
Omar A. Williams
United States District Judge